IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SAMUEL J. RUIZ, and<br>CARMEN LYDIA FRET APONTE,<br>    **Plaintiffs**<br>        v.<br>**LEBANON COUNTY,<br>PENNSYLVANIA**, *et al.*,<br>    **Defendants** | CIVIL NO. 1 CV-04-2359 |

## **M E M O R A N D U M**

Before the court is a motion to dismiss brought by Defendants Lebanon County, Lebanon County Drug Task Force, Lebanon County Prison, (hereinafter "Lebanon County Defendants") and Richard A. Radwanski. (Doc. 20.) The parties have briefed the issues, and the matter is ripe for disposition. For the reasons stated below, the court will grant in part and deny in part Defendants' motion.[1]

**I.     Background**

Plaintiffs Samuel J. Ruiz and Carmen L. Fret Aponte filed the instant complaint on October 27, 2004. In their complaint Plaintiffs named as Defendants, among others, the Lebanon County Defendants and Richard Radwanski.[2] Plaintiffs

---

[1] For the purposes of the instant memorandum and order, the Lebanon County Defendants and Richard Radwanski will be collectively referred to as Defendants.

[2] Plaintiffs' complaint also named Lebanon City, Lebanon City Police Department, Timothy Knight, Todd Breiner, Brett Hopkins, Martin Barret and an unknown female police officer as defendants.

assert claims pursuant to 42 U.S.C. § 1983 against Defendants for alleged violations of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights.  Additionally, Plaintiffs invoke the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), and assert pendent state law claims of assault and battery, invasion of privacy, intentional infliction of emotional distress, defamation of character, and false imprisonment against Defendants.

Plaintiffs' allegations arise out of the execution of an arrest warrant by the Lebanon, Pennsylvania Police Department.  On October 11, 2002, pursuant to numerous controlled drug purchases, an arrest warrant was issued for the arrest of a Samuel Ruiz, who resided at 197 Lebanon Village, Lebanon, Pennsylvania. Plaintiffs allege that the arrest warrant was intentionally and erroneously executed on Plaintiff Ruiz at 63 North 12th Street, Lebanon, Pennsylvania.

Plaintiffs allege that on October 28, 2002 at 6:00 a.m., Lebanon County police officers knocked on the door of their home at 63 North 12th Street, Lebanon, Pennsylvania. According to Plaintiffs, when Plaintiff Ruiz opened the door, he was thrown to the floor and handcuffed.  Plaintiffs also allege that Plaintiff Fret Aponte, who was pregnant at the time, was subjected to a strip search and body cavity probe. Nothing illegal was found at Plaintiffs' residence.

Plaintiff Ruiz was arrested and taken to the Lebanon County Prison where he was charged with delivery of cocaine and criminal use of a communication facility.  He was held in the Lebanon County jail until approximately 5:30 p.m., October 28, 2005, when he was advised that the arresting officers had made a mistake.  Plaintiff Ruiz was subsequently released from custody.  That same day, the

Lebanon County District Attorney's office advised the District Justice that it was withdrawing the charges filed against Plaintiff Ruiz.

**II.**     **Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading

may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).

## III.     Discussion

Defendants' motion to dismiss raises the following six arguments: (1) civil rights claims against Lebanon County Prison should be dismissed because the prison is not a "person" under 42 U.S.C. § 1983; (2) Plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed as against the Lebanon County Defendants because Plaintiffs have not claimed that the deprivation of Plaintiffs' civil rights was caused by the municipality's official policy or custom; (3) Plaintiffs' state law tort claims are barred by the Political Subdivision Tort Claims Act; (4) Plaintiffs' claims against Defendant Richard Radwanski are barred by qualified immunity; (5) Plaintiffs' complaint lacks the required specificity for a civil rights complaint; and (6) Plaintiffs cannot make a claim for punitive damages against the Lebanon County Defendants. The court will discuss each of these arguments in turn.

### A.     Lebanon County Prison as a "Person" under 42 U.S.C. § 1983

Defendants contend that the Lebanon County Prison is not a "person" under 42 U.S.C. § 1983. To support their argument, Defendants cite two cases. The first, *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976), predates the Supreme Court decision in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978), which established that municipal entities may be considered "persons" under § 1983.[3] The court will not consider *Mitchell*. The second, *Muhammed v. Hilbert*, 906 F. Supp. 267 (E.D. Pa. 1995), said in a footnote that claims against a county prison had been previously dismissed because the prison does not constitute a "person" under § 1983. *Id*. at 269 n.2. The court in *Muhammed* gives no reasoning behind this statement, as the issue had been handled by the court during a previous motion to dismiss. *Id.* That court's previous holding may have been based on *Monell*, which held that municipalities may not be sued on a theory of *respondeat superior*. 436 U.S. at 694. However, the court simply cannot glean from the *Muhammed* footnote that the law recognizes that county prisons, by their very nature, are not "persons" under § 1983. As a municipal entity, the court finds no reason why county prisons should be treated differently from other municipal entities subject to *Monell*. The court will deny the motion to dismiss as to this issue.

---

[3] The court in *Mitchell* based its holding on *Gittlemacker v. County of Philadelphia*, 413 F.2d 84 (1969), which held that municipalities were not "persons" under 42 U.S.C. § 1983. The *Gittlemacker* decision, in turn, was based upon *Monroe v. Pape*, 365 U.S. 167 (1961), which was overruled by *Monell*. 436 U.S. at 700.

### B. Section 1983 Claims against the Lebanon County Defendants

Defendants argue that Plaintiffs have not alleged that the Lebanon County Defendants caused Plaintiffs' injury through an official policy or custom. As stated above, a municipality or a municipal agency may be considered a "person" under § 1983. *Monell,* 436 U.S. at 690. However, a municipality may not be sued under § 1983 under a theory of *respondeat superior*. *Id*. at 691. Rather, the plaintiff must show that the "execution of the government's policy or custom . . . inflicts the injury . . . ." *Id*. at 694. The "policy" requirement is intended to "make clear that municipal liability is limited to action for which the municipality itself is responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). At the pleading stage, the plaintiff is required to plead the existence of such a policy or custom of the municipality. *Brozusky v. Hanover Twp*., 222 F. Supp. 2d 606, 610 (M.D. Pa. 2002) (citing *Leftall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994)).

In their complaint, Plaintiffs do not assert that the actions of the individual officers occurred as a result of either an official policy or a custom. Plaintiffs do not refer to the Lebanon County Defendants by name, but do state that Defendants "by and through their agents were involved in the illegal arrest and imprisonment of Samuel Ruiz and the battery on Ms. Fret [Aponte]." (Compl. ¶ 56.) Later, Plaintiffs state that "[t]he foregoing actions of the Defendants were intentional and were in violation of the United States Constitution . . . ." (Compl. ¶ 57.) These statements, without more, lead the court to conclude that Plaintiffs intended to sue the Lebanon County Defendants under a theory of *respondeat superior*. Nowhere do Plaintiffs refer to any policy or custom on the part of any of the Lebanon County

Defendants that directed the actions of the officers in their arrest and imprisonment of Plaintiff Ruiz and the alleged battery on Plaintiff Fret Aponte. Without an allegation of policy or custom, Plaintiffs' claims under § 1983 against the Lebanon County Defendants are deficient. The court will grant the motion to dismiss on this issue.

Though Plaintiffs' complaint is deficient in this respect, Plaintiffs seem to assert in their brief that they can show the existence of a custom or policy on the part of the Lebanon County Defendants. (Pl.'s Br. in Opp'n at 7-8). The court must grant leave to amend a complaint that is merely deficient. *See, e.g., Weston,* 251 F.3d at 428; *Shane*, 213 F.3d at 116-17. The parties have raised no issues as to bad faith, prejudice, undue delay, or futility that would advise against this court allowing Plaintiffs to amend their complaint. The court will grant Plaintiffs leave to amend their complaint with respect to this issue.

### C. **Plaintiffs' State Law Tort Claims against the Lebanon County Defendants**

Defendants argue that Plaintiffs' state law tort claims against the Lebanon County Defendants are barred by the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541. Defendants contend that the actions of the officers do not correspond to any of the eight enumerated exceptions to governmental immunity in 42 Pa. Cons. Stat. § 8542(b).[4] Plaintiffs do not argue that the Lebanon County Defendants' actions fall within one of the eight exceptions; rather, Plaintiffs argue

---

[4] Those exceptions are for negligent conduct of the municipality regarding 1) vehicle liability; 2) care, custody and control of personal property; 3) care, custody, and control of real property; 4) trees, traffic controls, and street lighting; 5) utility service facilities; 6) the condition of streets; 7) the condition of sidewalks; and 8) care, custody and control of animals. 42 Pa. Cons. Stat. § 8542(b). None of these immunity exceptions apply on these facts in the instant case.

that municipal agencies are not immune from suit for the intentional torts of their employees under Pa. Cons. Stat. § 8550.[5]

Section 8550 does carve out an exception for intentional torts, but only does with respect to employees of government agencies, not the agencies themselves. *Cooper v. City of Chester*, 810 F.Supp. 610, 626 n.8 (E.D. Pa. 1992) (internal citations omitted).[6] Because there is no exception to immunity for intentional torts committed by municipal defendants, and because the alleged torts do not fall within the eight enumerated exceptions to governmental immunity, the court will grant the motion to dismiss with respect to this issue. As state law is a bar to these tort claims, amendment would be futile. Accordingly, the court will not grant Plaintiffs leave to amend their complaint on this issue.

### D.   Qualified Immunity for Defendant Richard Radwanski

Defendants assert that Plaintiffs' claims against Defendant Radwanski are barred by qualified immunity. Government officials enjoy qualified immunity "insofar as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The inquiry is two-fold. The threshold

---

[5] Section 8550 states:

In any action against a local agency or employee thereof for damages caused on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of Sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

[6] Additionally, § 8550, while listing those sections that will not apply in the case of crime, fraud or willful misconduct, does not list the provision on general governmental immunity (§ 8541).

determination is whether, taken in the light most favorable to Plaintiffs, the allegations establish that a constitutional right has been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Wright v. City of Philadelphia*, 409 F.3d 595, 600 (3d Cir. 2005). Upon such a finding, the court must then determine whether it is a clearly established right such that a reasonable person should know that his conduct was unlawful. *Saucier,* 533 U.S. at 201-02.

First, the court must determine whether Plaintiffs have pled a violation of their constitutional rights. Plaintiffs contend in the complaint that Defendant Radwanski violated their constitutional rights by both arresting Plaintiff Ruiz and searching Plaintiff Fret Aponte's person without probable cause. Thus, Plaintiffs have sufficiently pled a violation of their constitutional rights. Second, the court must inquire whether a reasonable official would have considered the conduct unlawful. Plaintiffs allege that Defendant Radwanski, who had been involved in obtaining the arrest warrant, personally executed that arrest warrant at an address that was not the address on the search warrant. (Compl. ¶¶ 26, 29.) Plaintiffs allege further that this action was intentional. (Compl. ¶ 57.)

Defendants assert that Defendant Radwanski's conduct was not unreasonable because Plaintiffs admit in their complaint that Defendant Radwanski arrested Plaintiff Ruiz by mistake. Plaintiffs make no such admission. Plaintiffs allege that Defendants admitted to him that his arrest had been a mistake. (Compl. ¶ 53.) Defendants' characterization of their actions as mistaken at the time is not determinative. More importantly, Plaintiffs' inclusion of Defendants' admission into their complaint does not mean that Plaintiffs accept this view. Indeed, Plaintiffs allege elsewhere that the actions of Defendants were intentional. Viewing these

allegations in a light most favorable to Plaintiffs, the court cannot find that Radwanski acted reasonably, or that Defendant Radwanski could have believed that he was acting reasonably. Therefore, the court will deny the motion with respect to this issue.

### E.     Sufficiency of Plaintiffs' Complaint

Defendants argue that Plaintiffs' complaint is insufficient as a matter of law with respect to their civil rights claims. They contend that the complaint demonstrates a "clear lack of precision," and "fail[s] to state with particularity the alleged egregious conduct, the time, the place, and the persons responsible therefor and regards Defendants . . . ." (Br. in Supp. at 13.)

There is no heightened pleading standard for civil rights claims. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Rather, civil rights claims are subjected to the notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure.[7] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 513 (2002); *see also Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004). The plaintiff does not need to allege every element of a claim in a cause of action. *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124 (3d Cir. 1998). The complaint need only apprise the defendants of " 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.' " *Alston*, 363 F.3d at 235 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)).

Here, Plaintiffs' complaint offers sufficient facts and legal theories to apprise Defendants of the nature of their suit. The complaint, contrary to

---

[7] Federal Rule of Civil Procedure 8(a) provides in relevant part: "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plaint statement of the claim showing that the pleader is entitled to relief . . . ."

Defendants' assertions, lays out the time, place, and nature of the alleged egregious conduct.  Plaintiffs state in detail what they assert is an illegal arrest and incarceration of Plaintiff Ruiz and an intrusive search of Plaintiff Fret Aponte.  Plaintiffs contend that these actions violated their constitutional rights.  Even if Plaintiffs were required to state with particularity the precise time and place of Defendants' actions, Plaintiffs' complaint would be satisfactory.  The law places no such heightened pleading requirement on Plaintiffs, and as a result the court will deny the motion to dismiss with respect to this issue.

### F.    **Punitive Damages against the Lebanon County Defendants**

Defendants assert that Plaintiff cannot recover against the Lebanon County Defendants because municipal defendants are immune from such damages under § 1983.  Plaintiff concedes this point.  (Pl.'s Br. in Opp'n at 11.)  Thus, the court will grant the motion to dismiss on this issue.

## IV.    **Conclusion**

For the reasons stated above, the court will grant the motion to dismiss in part and will deny it in part.  The motion to dismiss Plaintiffs' § 1983 claims based on the sufficiency of Plaintiffs' complaint with respect to the Lebanon County Defendants and Defendant Radwanski is denied.  However, the motion to dismiss § 1983 claims against the Lebanon County Defendants based on a failure to show an official policy or custom is granted, with leave to amend.  The motion to dismiss Plaintiffs' state law tort claims against the Lebanon County Defendants is granted, without leave to amend.  The motion to dismiss Plaintiffs' claim for punitive damages against the Lebanon County Defendants will be granted, without leave to

amend.  The motion to dismiss Plaintiffs' § 1983 claims against Defendant Radwanski based on qualified immunity will be denied.  An appropriate order will issue.

>  s/Sylvia H. Rambo  
> SYLVIA H. RAMBO  
> United States District Judge

Dated:  December 7, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL J. RUIZ, and**<br>**CARMEN LYDIA FRET APONTE,** : <br> : **CIVIL NO. 1 CV-04-2359**<br>**Plaintiffs** :<br> :<br>**v.** :<br> :<br>**LEBANON COUNTY,** :<br>**PENNSYLVANIA,** *et al.***,** :<br> :<br>**Defendants** : | |

## **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendants' Motion to Dismiss (Doc. 20) is **GRANTED** in part and **DENIED** in part.

    a)  Defendants' motion to dismiss § 1983 claims against Defendants Lebanon County, Lebanon County Drug Task Force, and the Lebanon County Prison (collectively "Lebanon County Defendants") based on Plaintiff's failure to show an official policy or custom is **GRANTED**, with leave to amend.

    b)  Defendants' motion to dismiss Plaintiffs' state law tort claims against the Lebanon County Defendants is **GRANTED**, without leave to amend.

    c)  Defendants' motion to dismiss Plaintiffs' § 1983 claims against Defendant Richard Radwanski based on qualified immunity is **DENIED**.

    d)  Defendants' motion to dismiss Plaintiffs' § 1983 claims with respect to the Lebanon County Defendants and Defendant Radwanski based on the sufficiency of Plaintiff's complaint is **DENIED**.

  2)  Plaintiffs' amended complaint must be filed with the court no later than December 30, 2005.  Plaintiff's amended complaint shall be complete in itself. M.D. Pa. L.R. 15.1.

               s/Sylvia H. Rambo
               SYLVIA H. RAMBO
               United States District Judge

Dated:  December 7, 2005.