IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL J. RUIZ, and** | : | |
| **CARMEN LYDIA FRET APONTE,** | : | **CIVIL NO. 1: CV-04-2359** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LEBANON COUNTY,** | : | |
| **PENNSYLVANIA,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**M E M O R A N D U M**

Before the court is Defendants Lebanon County, Pennsylvania,
Lebanon County Pennsylvania Drug Task Force, Lebanon County Prison, and
Richard A. Radwnski's (hereinafter the "Lebanon County Defendants") motion to
dismiss Plaintiffs' second amended complaint.  (Doc. 30.)  The parties have briefed
the issue, and the matter is ripe for disposition.  For the reasons that follow, the
court will deny the motion in part and deem it moot in part.

**I.** **Background**

**A.** **Procedural**

Plaintiffs filed their initial complaint on December 27, 2004.  In
addition to the Lebanon County Defendants, Plaintiffs named the following as
defendants: Lebanon City, Pennsylvania; Lebanon City Police Department; Todd
Breiner; Martin Barrett; Timothy Knight; Brett Hopkins; and an unknown female
police officer.

On April 15, 2005 Defendants Lebanon City, Pennsylvania, Lebanon City Police Department, Todd Breiner, and Martin Barrett filed a motion to dismiss. (Doc. 5.)  The court granted in part and denied in part said motion, and provided Plaintiffs with leave to file an amended complaint.  (Doc. 16.)  Specifically the court dismissed Plaintiffs' claims for punitive damages against Lebanon City, Pennsylvania and the Lebanon City Police Department and Plaintiffs' pendant state law claims against Lebanon City, Pennsylvania and the Lebanon City Police Department.  (*Id.*)  Plaintiffs filed an amended complaint on July 29, 2005.  (Doc. 17.)

The Lebanon County Defendants filed a motion to dismiss on September 23, 2005.  (Doc. 20.)  On December 30, 2005, the court granted in part and denied in part the Lebanon County Defendants' motion to dismiss.  (Doc. 29.) Specifically, the court dismissed Plaintiff's 42 U.S.C. § 1983 claims against the Lebanon County Defendants with leave to amend and dismissed Plaintiffs' pendant state tort law claims against the Lebanon County Defendants.  (*Id.*)

Plaintiffs filed a second amended complaint on December 30, 2005. (Doc. 29.)  Plaintiffs' second amended complaint asserts claims pursuant to 42 U.S.C. § 1983 against all Defendants for alleged violations of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution.  (*Id.*)

On January 19, 2006, Defendants Lebanon City, Pennsylvania, Lebanon City Police Department, Todd Breiner, and Martin Barrett filed a motion to dismiss.  (Doc. 31.)  Specifically, said motion sought to dismiss Plaintiffs' second amended complaint on the basis of Plaintiffs' inclusion of a request for punitive

2

damages against Lebanon City, Pennsylvania and the Lebanon City Police
Department City Police Department.  On January 31, 2006, the court denied said
motion; however, the court struck from the record Plaintiffs' request for punitive
damages against Lebanon City, Pennsylvania and the Lebanon City Police
Department.  (Doc. 36.)

      The Lebanon County Defendants' instant motion to dismiss was filed
on January 19, 2006.  (Doc. 30.)

      **B.**   **Factual**

      Plaintiffs' allegations arise out of the execution of an arrest warrant.
On October 11, 2002, pursuant to numerous controlled drug purchases, an arrest
warrant was issued for the arrest of a Samuel Ruiz, who resided at 197 Lebanon
Village, Lebanon, Pennsylvania.  Plaintiffs allege that the arrest warrant was
intentionally and erroneously executed on Plaintiff Ruiz at 63 North 12th Street,
Lebanon, Pennsylvania.

      Plaintiffs allege that on October 28, 2002 at 6:00 a.m., Lebanon County
police officers knocked on the door of their home at 63 North 12th Street, Lebanon,
Pennsylvania.  According to Plaintiffs, when Plaintiff Ruiz opened the door, he was
thrown to the floor and handcuffed.  Plaintiffs also allege that Plaintiff Fret Aponte,
who was pregnant at the time, was subjected to a strip search and body cavity probe.
Nothing illegal was found at Plaintiffs' residence.

      Plaintiff Ruiz was arrested and taken to the Lebanon County Prison
where he was charged with delivery of cocaine and criminal use of a communication
facility.  He was held in the Lebanon County Prison until approximately 5:30 p.m.,
October 28, 2005, when he was advised that the arresting officers had made a

mistake.  Plaintiff Ruiz was subsequently released from custody.  That same day, the Lebanon County District Attorney's office advised the District Justice that it was withdrawing the charges filed against Plaintiff Ruiz.

## II.        <u>Legal Standard: Motion to Dismiss</u>

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint.  *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."  *Id.*  Moreover, "documents whose contents are alleged in the

complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).  However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).

## III.      Discussion

The Lebanon County Defendants make the following three arguments: 1) Plaintiffs' § 1983 claims against the Lebanon County Defendants should be dismissed because Plaintiffs fail to adequately allege that the actions of the individual officers occurred as a result of either an official policy or a custom of Lebanon County; 2) Plaintiffs' second amended complaint should be dismissed for failure to comply with the court's December 7, 2005 order; and 3) Plaintiffs' request for punitive damages against the Lebanon County Defendants should be stricken. The court will address each argument in turn.

A.      **Official Policy or Custom**[1]

On December 7, 2005, the court issued an order that dismissed Plaintiffs' claims pursuant to § 1983 against the Lebanon County Defendants.  The court stated that "Plaintiffs do not assert that acts of the individual officers occurred as a result of an official policy or custom."  (Doc. 28 at 6.)  However, the court also stated that Plaintiffs may be able to show the existence of a custom or policy on the part of the Lebanon County Defendants.  (*Id*. at 7.)  Accordingly, the court granted Plaintiffs leave to amend their amended complaint with respect to this issue.

Plaintiffs' second amended complaint contains the following two allegations.  First, that

> [t]he foregoing actions of the Defendants, individually, collectively and by and through their agents and officers were done in accordance with the established practice, custom and policy of the Defendant Lebanon County in failing to properly execute search warrants. As exemplified by the facts of the instant case, Defendant Lebanon County failed to properly scrutinize the proper execution of the search warrant in that Defendant executed the warrant upon improper parties and at an improper address.

(Sec. Am. Compl. ¶ 67.)  Second, that

> [t]he foregoing actions of the Defendants, individually, collectively and by and through their agents and officers

---

[1]In order to establish a § 1983 claim against a municipality, Plaintiffs must show that the "execution of the government's policy or custom . . . inflicts the injury . . . ."  *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 694.  A municipality may not be sued under § 1983 under a theory of *respondeat superior*.  *Id*. at 691. The "policy" requirement is intended to "make clear that municipal liability is limited to action for which the municipality itself is responsible."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

were done in accordance with the established custom,
practice, and policy in performing and unreasonable,
improper, and invasive body cavity search of a pregnant
individual without probable cause.

(*Id.* ¶ 69.)

_____The Lebanon County Defendants state that Plaintiffs fail to "identify a specific policy or custom of Lebanon County that was allegedly followed by the individual officers at the time of the incident in question." (Doc. 43 at 6.) Thus, according to the Lebanon County Defendants, Plaintiffs' § 1983 claims against the Lebanon County Defendants should be dismissed.

As stated, in deciding a motion to dismiss the court considers all factual allegations in the complaint as true. *Worldcom, Inc.*, 343 F3d at 653. With respect to the allegations in the complaint, the court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff[s] can prove no set of facts in support of [their] claim that would entitle [them] to relief." *Conley*, 355 U.S. at 45-46. At the pleading stage in a § 1983 claim against a municipality Plaintiffs are required to plead the existence of a policy or custom of the municipality that was a basis of the injury alleged. *Brozusky v. Hanover Twp*., 222 F. Supp. 2d 606, 610 (M.D. Pa. 2002) (citing *Leftall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994)).

The court finds that Plaintiffs, in their second amended complaint, have sufficiently pled the existence of an official policy or custom, and the court accepts the allegations contained in Plaintiffs' second amended complaint as true. The court notes that the period for discovery has not closed; thus, at the close of discovery Defendants may move for summary judgment. However, at this time the court will deny the Lebanon County Defendants' motion to dismiss with respect to this issue.

7

### B.      Failure to Comply with the Court's December 7, 2005 Order

As stated, the court's December 7, 2005 order provided Plaintiffs with leave to amend their amended complaint.  The court, pursuant to Middle District Local Rule 15.1, stated that Plaintiffs' second amended complaint must be complete in itself.  (Doc. 28.)

The Lebanon County Defendants allege that Plaintiffs have failed to comply with the court's December 7, 2005 order.  According to the Lebanon County Defendants, Plaintiffs' second amended complaint incorporates portions of their original and amended complaints that were previously dismissed by the court. Specifically, the Lebanon County Defendants point to the inclusion of the request for punitive damages against the Lebanon County Defendants.[2]

With respect to the inclusion of the request for punitive damages against the Lebanon County Defendants, the court will refer to its January 31, 2006 order that addressed Plaintiffs' inclusion of a request for punitive damages against the City of Lebanon and the Lebanon City Police Department.  The court's January 31, 2006 order provided that "[w]hile the court recognizes Plaintiffs' error, the court does not see that any prejudice to Defendants would result by striking said request for punitive damages and allowing the remainder of the second amended complaint to stand."  (Doc. 36 at 2.)  The court will apply the same rationale to the instant motion to dismiss.

---

[2]Plaintiff's second amended complaint states that "Mr. Ruiz and Ms. Fret demand judgment in their favor, and *against Defendants* for compensatory damages, *punitive damages*, attorney's fees, cost and all appropriate equitable and/ or legal relief to which they are entitled."  (Doc. 29 at 10.) (emphasis added).

The Lebanon County Defendants make no additional allegations regarding improper claims asserted in Plaintiffs' second amended complaint. Additionally, the court has reviewed Plaintiffs' second amended complaint and finds that it is otherwise in conformity with the court's December 7, 2005 order. Accordingly, the court will deny the Lebanon County Defendants' motion to dismiss Plaintiffs' second amended complaint with respect to this issue.

### C.      **Plaintiffs' Claims for Punitive Damages**

The Lebanon County Defendants also seek to strike Plaintiffs' request for punitive damages against the Lebanon County Defendants.  Plaintiffs, in their responsive brief also suggest that their punitive damage claim against the Lebanon County Defendants be stricken.  Thus, the court will grant the Lebanon County Defendants' motion to strike Plaintiffs' request for punitive damages against the Lebanon County Defendants from Plaintiffs' second amended complaint.

### IV.      **Conclusion**

In accordance with the foregoing discussion, the court will deny the Lebanon County Defendants' motion to dismiss in part and grant it in part.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 14, 2006.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SAMUEL J. RUIZ, and**            :
**CARMEN LYDIA FRET APONTE,**    :      **CIVIL NO. 1: CV-04-2359**
                           :
         **Plaintiffs**           :
                           :
         **v.**                :
                           :
**LEBANON COUNTY,**            :
**PENNSYLVANIA,** *et al.,*        :
                           :
         **Defendants**       :

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the Lebanon County Defendants' motion to dismiss Plaintiffs' second amended complaint (Doc. 30) is **DENIED** in part and **GRANTED** in part as follows:

        1) The Lebanon County Defendants' motion to dismiss Plaintiffs' § 1983 claims against Lebanon County, Pennsylvania, Lebanon County Pennsylvania Drug Task Force, Lebanon County Prison, and Richard A. Radwnski is **DENIED**.

        2) The Lebanon County Defendants' motion to dismiss Plaintiffs' second amended complaint for failure to comply with the court's December 7, 2005 order is **DENIED**.

3) The Lebanon County Defendants' motion to strike Plaintiffs' claim for punitive damages against Lebanon County, Pennsylvania, Lebanon County Pennsylvania Drug Task Force, Lebanon County Prison, and Richard A. Radwnski is **GRANTED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 14, 2006.