IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL RUIZ and CARMEN LYDIA FRET APONTE,** | **CIVIL NO. 1:04-CV-02359** |
| **Plaintiffs** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **LEBANON COUNTY, PENNSYLVANIA, et al.,** | |
| **Defendants** | |

## **M E M O R A N D U M**

### **I.    Background**

Plaintiffs Samuel Ruiz and Carmen Lydia Fret Aponte sued numerous Defendants because of a mistaken arrest that occurred in October 2002. The Defendants that remain party to this action are Lebanon County ("County"), Lebanon City ("City"), the Lebanon County Drug Task Force ("Task Force"), the Lebanon County Prison ("Prison"),[1] Richard A. Radwanski, Todd Breiner, and Martin Barrett. The operative facts surrounding the arrest are set forth in the memorandum issued by this court on October 3, 2007.  (Doc. 89.)  The court presumes familiarity with that memorandum.

On October 3, 2007, this court denied Breiner and Barrett's motion for summary judgment based on qualified immunity.  They have appealed that order. On October 19, 2007, counsel for the parties met with the court for a pretrial conference.  At the conference, it became clear that this case was prepared to move swiftly to trial.  Accordingly, the court allowed counsel to brief additional matters appropriate for judgment by the court.  To that end, the Municipal Defendants and

---

[1] Collectively, "Municipal Defendants."

Radwanski filed motions for summary judgment on November 15, 2007.  (Docs. 110-114.)  Plaintiffs filed their opposition to the motions on November 30, 2007.  (Docs. 117-18.)  The issues are ripe for disposition.

**II.        Legal Standard – Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  *Id.* at 248.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

The Municipal Defendants argue that summary judgment is proper because Plaintiffs have failed to show that municipal liability may properly be imposed under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).[2] Radwanski submits that he is entitled to qualified immunity. These arguments will be addressed in turn.

**1.     Municipal Defendants**

All claims in this case are brought under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[2] The Prison argues that it may not be held liable under § 1983 because it is not a "person" to whom the statute applies. Because the court disposes of its motion for summary judgment on an alternative ground, this argument need not be addressed.

A plaintiff must demonstrate that each defendant "individually participated in the alleged constitutional violation or approved of it." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005). The corollary in municipal liability is that the plaintiff must demonstrate that the municipality itself caused a constitutional violation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). *Respondeat superior* is not a viable theory of municipal liability under § 1983; rather, a plaintiff must plead and prove that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury." *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 405 (1997); *accord Jett v. Dallas Indep. Sch. Bd.*, 491 U.S. 701, 737 (1989). To do so, a plaintiff must show that a municipal custom or policy was the proximate cause of the constitutional injury sustained. *C.N.*, 430 F.3d at 173; *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Plaintiffs submit that they have successfully alleged that the individual defendants in this matter acted according to a municipal custom, practice or policy. On this point they are correct, but the time for resting on allegations is past. Plaintiffs submit that Breiner was "part of a civil suit brought against Lebanon City resulting from [a] shooting of a suspect. The case was settled. The . . . civil suit brought against Defendant Lebanon City established a practice custom and policy of Lebanon City." (Doc. 117 ¶¶ 13-14 (citations omitted).) Moreover, according to Plaintiffs, "[w]hen [the County and the City] entered into an agreement with [the City] to form [the Task Force], which was/is a joint venture, they assumed liability for the past custom, policies and practice of [the City], including the past practice, policy and custom established by the 1998 civil suit." (*Id.* ¶ 15.) These allegations

4

of "fact" are woefully inadequate to withstand summary judgment on a *Monell* claim. The Municipal Defendants will be granted summary judgment on all claims.

### 2. Radwanski

Once again, the court refers the parties to its memorandum and order of October 3, 2007, in which it denied qualified immunity to Defendants Barrett and Breiner. The analysis therein applies equally to Radwanski without the necessity of further discussion. His arguments on summary judgment are unavailing. Radwanski will be denied qualified immunity and, therefore, denied summary judgment.

## IV. Conclusion

The Municipal Defendants' motions for summary judgment will be granted, but Radwanski's motion for summary judgment will be denied. An appropriate order will follow.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                            United States District Judge

Dated: February 15, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL RUIZ and CARMEN LYDIA FRET APONTE,** : **Plaintiffs** : v. : **LEBANON COUNTY, PENNSYLVANIA, et al.,** : **Defendants** : | **CIVIL NO. 1:04-CV-02359** **JUDGE SYLVIA H. RAMBO** |

## **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The motion for summary judgment by Defendant City of Lebanon (Doc. 112) is **GRANTED**.

2) The motion for summary judgment by Defendants Lebanon County, Lebanon County Drug Task Force, Lebanon County Prison, and Richard A. Radwanski (Doc. 110) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Defendants Lebanon County, Lebanon County Drug Task Force, and Lebanon County Prison. The motion is **DENIED** as to Defendant Richard A. Radwanski (Doc. 110) because he is not entitled to qualified immunity.

      3) Defendants Martin Barrett and Todd Breiner, having been denied qualified immunity, have appealed. The court declines to sever the claims against Defendant Radwanski from the claims against Defendants Barrett and Breiner at this time. Thus, all case management deadlines are stayed pending the outcome of any and all appeals on the issue of qualified immunity.

                                              s/Sylvia H. Rambo  
                                              SYLVIA H. RAMBO  
                                              United States District Judge

Dated: February 15, 2008.