IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL J. RUIZ, and<br>CARMEN LYDIA FRET APONTE,<br><br>**Plaintiffs**<br><br>v.<br><br>**RICHARD RADWANSKI,**<br><br>**Defendant** | CIVIL NO. 1: CV-04-2359 |

## MEMORANDUM AND ORDER

I. **Background**

Before the court is a motion *in limine* filed by the remaining defendant in this case, Richard Radwanski. The facts of this case are well known to the parties and fully set forth in their briefs. In short, Plaintiffs allege violations of their constitutional rights and various state tort claims. The home occupied by Plaintiffs was invaded and Plaintiff Ruiz was arrested. The affidavits prepared by Radwanski and other officers were found to be in violation of the Fourth Amendment.

The motion in limine raises the following: 1) that Plaintiff Fret Aponte has no claim against Radwanski because he was not present at the time of the alleged searches and arrest; 2) there is a lack of medical testimony to support Plaintiffs' claims of physical or psychological injuries; 3) Ruiz's claim for compensatory damages is speculative; and 4) Plaintiffs are only entitled to nominal damages if they prove a constitutional violation.

II. **Discussion**

A. **Radwanski's Liability**

Defendant argues that since he was not present at the residence when the search and arrest took place, he is not liable to Plaintiffs. He claims that the actions at the residence were superseding actions of the arresting officers. In

support, Defendant cites to *Bodine v. Warrick*, 72 F.3d 393 (3d Cir. 1995) which sets forth the following hypothetical:

> Suppose that three police officers go to a suspect's house to execute an arrest warrant and that they improperly enter without knocking and announcing their presence. Once inside, they encounter the suspect, identify themselves, show him the warrant, and tell him that they are placing him under arrest. The suspect, however, breaks away, shoots and kills two of the officers, and is preparing to shoot the third office when that officer disarms the suspect and in the process injures him. Is the third officer necessarily liable for the harm caused to the suspect on the theory that the illegal entry without knocking and announcing rendered any subsequent use of force unlawful? The obvious answer is "no." *See George v. City of Long Beach*, 973 F.2d 706 (9th Cir. 1992), *cert. denied,* 507 U.S. 915, 113 S.Ct. 1269, 122 L.Ed.2d 664 (1993). The suspect's conduct would constitute a "superseding" cause, *see Restatement (Second) of Torts* § 442 (1965), that would limit the officer's liability. *See id.* § 440.

*Id.* at 400. That hypothetical does not come close to the facts of this case.

The simple fact of that matter is that Defendant was responsible for the contents of the affidavits which led to the search and arrest warrants. This court has ruled, and the Third Circuit has affirmed, that the affidavits and search warrants were insufficient to establish probable cause. It was the insufficient information provided by Radwanski in the affidavits that caused the illegal search and arrest. There was no superseding intervening cause.

### B. **Plaintiff Ruiz's Loss of Income**[1]

Defendant claims that Plaintiffs' cannot show that they suffered financial injury as a result of Ruiz' arrest. The court will reserve ruling on this issue until after the pretrial conference. At the pretrial conference, the Plaintiff must come forward with some proof of lost wages (i.e. pay stubs or some similar proof).

---

[1] It appears that Plaintiff Fret Aponte had no employment at the time of the incident and therefore no loss of income.

2

In addition, the court will inquire at the pretrial conference as to the nature of the proof that threats from drug dealers were precipitated by Ruiz's arrest and release and are therefore attributable to Defendant. In essence, Plaintiff's counsel shall be prepared to make an offer of proof about the testimony that will be elicited at trial demonstrating the nexus between Plaintiff's wrongful arrest and his loss of income.

### C. Plaintiffs' Claims of Physical and Psychological Injuries/ Proof of Damages

Defendant asserts that Plaintiffs' claims for physical and psychological injury are unsupported by any evidence, and should be precluded on that basis, as well as because no expert has been identified to testify to scope of these alleged injuries. Plaintiffs will be permitted to testify at trial about these issues. In *Bolden v. Southeastern Pa. Transp. Auth.,* 21 F.3d 29 (3d Cir. 1995), the Third Circuit held:

> [W]e are persuaded that the approach taken by our sister circuits which have dispensed with a requirement of expert testimony to corroborate a claim for emotional distress is more consistent with the broad remunerative purpose of the civil rights laws. Accordingly, we now hold that [expert testimony] is not required.

*Id.* at 32. Consistent with this ruling, Plaintiffs will be permitted to testify about the emotional distress that they endured after Plaintiff Ruiz' arrest. However, they will not be permitted to testify as to how long in the future such claims will last. This latter category can only be presented through an expert.

### D. Nominal Damages

The court will reserve decision on the issue of nominal damages until the conclusion of presentation of the evidence in this case.

**III.     Order**

In accordance with the forgoing, **IT IS HEREBY ORDERED THAT** Defendant Radwanski's motion *in limine* is **GRANTED IN PART, DENIED IN PART AND RESERVED IN PART** as follows:

1) Defendant's motion is **GRANTED** concerning any testimony as to how far into the future economic and medical damages will continue. This is a subject that is proper only for expert testimony, and since Plaintiffs have not identified any expert, they are precluded from presenting any testimony on this topic;

2) The court will reserve ruling on the issue of whether there is sufficient evidence of economic damages attributable to Defendant until after hearing Plaintiff's proffer at the pretrial conference;

(3) The court will reserve ruling on the issue of nominal damages until the conclusion of the presentation of the evidence at trial;

(4) Defendant's motion is **DENIED** in all other respects.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: February 4, 2010.